UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| WANDA CATHERINE ELDAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: |
| ) | |
| ) | |
| ) | |
| LINCOLN MEMORIAL UNIVERSITY ) | |
| ) | JURY DEMANDED |
| Defendant. ) | |

# COMPLAINT

Comes now Wanda Catherine Eldahan, by and through counsel, and sues Defendant Lincoln Memorial University ("Defendant"), as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Ms. Eldahan is an adult citizen and resident of Bell County, Kentucky.

2. Defendant Lincoln Memorial University is a Tennessee nonprofit corporation with its main campus located in Harrogate, Claiborne County, Tennessee.

3. This case arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.

4. The Court has subject matter jurisdiction pursuant to, *inter alia*, 29 U.S.C. § 626 (ADEA) and 28 U.S.C. § 1331 (federal question).

5. Venue is proper pursuant to, inter *alia*, 28 U.S.C. § 1391.

6. Ms. Eldahan timely filed with the EEOC a charge of age discrimination, received a

1

Notice of Rights on November 18, 2022, and timely files this suit within the prescribed period.

**FACTUAL BASIS**

7. Ms. Eldahan is fifty-nine (59) years of age.

8. Ms. Eldahan was employed as Director of the Office of Inclusion and Diversity Engagement by Defendant from February 2, 2015 to November 12, 2021.

9. During Ms. Eldahan's time with Respondent, she consistently received outstanding annual performance evaluations. She also had bi-weekly one-on-one meetings with her direct supervisors and was not informed of any performance issues during these meetings.

10. Moreover, Ms. Eldahan was an active member of various committees, hosted various workshops and events, and even presented at the annual Faculty Staff Conference in August 2021 at the request of University President, Clayton Hess.

11. In approximately Spring 2021, it became apparent that Defendant was trying to make its staff younger by hiring primarily—indeed, almost exclusively—people below age forty (40).

12. Beginning at that time, the division of student affairs hired eight (8) new employees, seven of whom were younger than forty (40) (with the one other new hire being in her early forties), and most of whom were in their mid to late twenties.

13. Included in those new hires and promotions was Elise Syoen, who was approximately thirty-five (35) years of age and had been appointed Assistant Dean of Students in April 2021 and later was appointed as Dean of Students.

14. Also included in those new hires was Blaze Bowers, who was approximately twenty-five (25) years of age and was hired as Assistant Vice President for the Division of Student

2

Case 3:22-cv-00434-CEA-DCP   Document 1   Filed 12/07/22   Page 2 of 5   PageID #: 2

Affairs.

15. Such hiring and promotion decisions point to Respondent's desire to transition its leadership staff to a younger group of people from top to bottom.

16. On the morning of November 12, 2021, Ms. Eldahan was met in the hallway by Blaze Bowers as she was arriving for a department staff meeting and was asked to go to his office. Waiting in the office were Elise Syoen and Amy Eads (Director of Human Resources). In this meeting, Mr. Bowers told Ms. Eldahan that they were "taking the Office of Inclusion and Diversity Engagement in a different direction and [her] employment was being terminated effective immediately."

17. On the termination letter presented to Ms. Eldahan, the listed reason for termination was work performance.

18. As stated above, Ms. Eldahan's work performance had not been called into question in the six years she had worked for Defendant and she received outstanding annual performance evaluations.

19. Ms. Eldahan also met one-on-one bi-weekly with her direct supervisor and was never informed during these meetings that she was not meeting expectations.

20. Defendant's purported reason for Ms. Eldahan's termination is pretext. Ms. Eldahan believes, and therefore avers, that the real reason she was terminated was due to her age and Defendant's desire to make the staff within Ms. Eldahan's division an overall younger staff.

21. Following her termination, Ms. Eldahan was replaced by Unique Early, who Plaintiff believes to be in her mid-twenties, and who has significantly less experience than Ms. Eldahan. The title for the position filled by Early is that of Officer of Diversity and Belonging, but the duties and responsibilities of that position are substantially the same as the duties and

responsibilities of Ms. Eldahan's former position as Director of the Office of Inclusion and Diversity Engagement.

## CAUSES OF ACTION

**Age Discrimination in Employment Act ("ADEA")**

22. The ADEA protects individuals who are forty (40) years of age or older by making it unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623, 631.

23. Here, Ms. Eldahan is fifty-nine (59) years of age, and thus, falls under the ADEA's protections.

24. Despite receiving consistently good reviews throughout her tenure with Defendant, Ms. Eldahan was nevertheless terminated when Defendant made the decision to make Ms. Eldahan's department younger.

25. By terminating Ms. Eldahan because of her age, and subsequently replacing her with someone who is significantly younger and not a member of the protected class, Defendant violated the ADEA.

## DAMAGES

26. As a direct and proximate result of Defendant's unlawful and willfully discriminatory behavior, Ms. Eldahan has suffered and will continue to suffer humiliation and embarrassment, emotional distress, lost wages and benefits (including retirement account contributions and value), loss of earning capacity, loss of future income, and other benefits and

privileges of employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wanda Catherine Eldahan respectfully prays for the following relief:

27. A judgment that Defendant violated the ADEA and that such violation was willful;

28. A jury be empaneled to serve as the trier of fact;

29. An award of all damages available under the ADEA, including back pay and front pay, pre- and post-judgment interest, and/or liquidated damages;

30. An award of reasonable attorney fees and costs; and

31. An award of all such other and further legal and equitable relief to which Ms. Eldahan may be entitled under the facts of this case.

RESPECTFULLY SUBMITTED,

 *s/ Clint J. Coleman*
JESSE D. NELSON (BPR # 025602)
CLINT J. COLEMAN (BPR # 038413)
NELSON LAW GROUP, PLLC
10263 Kingston Pike
Knoxville, TN 37922
(865) 383-1053
jesse@nlgattorneys.com
clint@NLGattorneys.com

*Attorneys for Wanda Catherine Eldahan*